UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
Civil Action No. 1:23-cv-00023-GNS-LLK

MARIA C.                                                                                                              PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                          DEFENDANT

**REPORT AND RECOMMENDATION**

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. [Doc. 1]. Plaintiff's fact/law summary is at Doc. 11, and the Commissioner's responsive fact/law summary is at Doc. 13. The Court referred the matter to the undersigned Magistrate Judge for "consideration and the preparation of a Report and Recommendation pursuant to 28 U.S.C. Section 636(b)(1)(B)." [Doc. 8].

Because Plaintiff's four arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

On February 28, 2022, the ALJ issued the Commissioner's final decision. [Administrative Record, Doc. 7 at 23-31]. The ALJ denied Plaintiff's disability claim, finding lack of disability from March 16, 2020, when she alleges that she became disabled, through February 28, 2022, when the ALJ issued his decision. *Id.*

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 16, 2020, her alleged date of onset of disability. *Id.* at 25.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: systemic lupus erythematosus, Sjögren syndrome, osteoarthritis, obesity, and diabetes mellitus. *Id.*

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 27.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding her impairments, Plaintiff can:

> … perform light work as defined in 20 CFR 404.1567(b) that does not require more than occasional climbing ladders, ropes, scaffolds; more than frequent climbing stairs/ramps, stooping, kneeling, crouching, or crawling; more than occasional exposure to unprotected heights or dangerous machinery; or frequent, concentrated exposure to temperature extremes.

*Id.*

Fourth, the ALJ found that Plaintiff is capable of performing past relevant work as a nurse manager. *Id.* at 30.

Fifth, the ALJ found that Plaintiff can perform a significant number of unskilled, light jobs in the national economy such as info. clerk, office helper, and labeler. *Id.* at 31.

## Legal Standards

The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r*, 299 F. App'x 516, 522 (6th Cir. 2008). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

The substantial-evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r*, 581 F.3d 399,

405 (6th Cir. 2009).  A reviewing court decides only whether substantial evidence supports the ALJ's decision.  *Id.*  If it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion.  *Id.*

**Plaintiff's first argument is unpersuasive.**

First, Plaintiff argues that she "meets Listing 14.02 (lupus) and Listing 14.10 (Sjogren syndrome)." [Doc. 11 at PageID.552].

Plaintiff carries the burden of proving that the medical criteria of a listed impairment are satisfied, and this burden is construed strictly because the listing represents an automatic screening in of an impairment as disabling independently of any other medical or vocational factor.  *See Sec'y v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a listed impairment's] criteria, no matter how severely, does not qualify."); *Elam ex rel. Golay v. Comm'r*, 348 F.3d 124, 125 (6th Cir. 2003) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment.").

Listing 14.02 and Listing 14.10 share a common structure.  Listing 14.02 requires the presence of systemic lupus erythematosus "[a]s described in 14.00D1," and Listing 14.10 requires the presence of Sjogren syndrome "[a]s described in 14.00D7."  However, both Listings require "[a]t least two of the constitutional symptoms or signs (severe fatigue,[1] fever, malaise,[2] or involuntary weight loss." Specifically, both Listings require:

    A. Involvement of two or more organs/body systems, with:

        1. One of the organs/body systems involved to at least a moderate level of severity; and

        2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).  Or

    B. Repeated manifestations …, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:

---

[1] "Severe fatigue means a frequent sense of exhaustion that results in significantly reduced physical activity or mental function."  Listing 14.00(C)(2).
[2] "Malaise means frequent feelings of illness, bodily discomfort, or lack of well-being that result in significantly reduced physical activity or mental function."  Listing 14.00(C)(2).

> 1. Limitation of activities of daily living.
>
> 2. Limitation in maintaining social functioning.
>
> 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

Listing 14.02, 14.10.

The ALJ found Listing 14.02 and 14.10 are not satisfied due to lack of proof of the presence of at least two of the constitutional symptoms or signs:

> In this present case, the claimant does make complaints of severe fatigue, but she does not have fevers, weight loss, or any other constitutional symptom as required to meet either Subpart A of the respective listings, nor does she have severe manifestations of limitations of activities of daily living, maintaining social functioning, or completing tasks in a timely manner due to deficiencies in concentration, persistence or pace.

[Doc. 7 at 27].

Plaintiff points to no proof that her systemic lupus erythematosus and Sjögren syndrome have resulted in severe fever, malaise, or involuntary weight loss "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ's finding that Listings 14.02 and 14.10 are not satisfied is supported by substantial evidence.

**Plaintiff's second argument is unpersuasive.**

Second,[3] Plaintiff argues that that the ALJ finding that she is "capable of performing past relevant work as a nurse manager" [Doc. 7 at 30] is not supported by substantial evidence because she "could not return to her prior work as a nurse case manager as she previously performed it," which was heavy. [Doc. 11 at PageID.554].

A claimant is capable of performing past relevant work if the claimant can perform the work "either as the claimant actually performed it or as generally performed in the national economy." 20

---

[3] Plaintiff misnumbers her second argument as her third argument. The error carries forward and Plaintiff misnumbers her third argument as her fourth argument and her fourth argument as her fifth argument. This Report reflects that Plaintiff presents only four arguments.

4

C.F.R. § 404.1560(b)(2). While Plaintiff actually performed the nurse manager job as heavy work and the ALJ restricted her to light work, the job is generally performed as light work in the national economy. [Doc. 7 at 30, 50, 51]. Therefore, to the extent the ALJ found that Plaintiff can perform her past relevant work as nurse manager as actually performed, the error was harmless. Further, any error at Step 4 of the sequential evaluation process was harmless in light of the ALJ's alternative Step 5 finding that a significant number of unskilled, light jobs (other than past relevant work) exist in the national economy that Plaintiff can perform.

### Plaintiff's third argument is unpersuasive.

Third, Plaintiff argues that the ALJ erred in finding that her "medically determinable impairment of left hip trochanteric bursitis is nonsevere" [Doc. 7 at 25] and that, in fact, her "back and hip pain, post-MVA [motor vehicle accident], is a severe impairment." [Doc. 11 at PageID.555].

An ALJ's erroneous finding that an impairment is non-severe at Step 2 of the sequential evaluation process is, at worst, harmless where the ALJ considered the impact of all severe and non-severe impairments on the claimant's ability to work at later steps. *Emard v. Comm'r*, 953 F.3d 844, 852 (6th Cir. 2020) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). In this case, in determining that Plaintiff can perform a limited range of light work, the ALJ considered the limiting effects of her hip impairment. [Doc. 7 at 25]. Therefore, any error in mislabeling the hip impairment as "nonsevere" was harmless.

### Plaintiff's fourth argument is unpersuasive.

Fourth, Plaintiff argues that the ALJ's RFC finding "failed to properly consider the medical opinion of Dr. Shirley Gibson, M.D., who is a primary treating source." [Doc. 11 at PageID.556].

On February 3, 2022, in support of Plaintiff's disability claim, Dr. Gibson completed the Medical Source Statement of Ability to Do Work-Related Activities (Physical). [Doc. 7 at 483-88]. Among other things, Dr. Gibson opined that due to her need for "lying down to take pressure and pain from joints,"

5

Plaintiff can sit for only 2 hours, can stand for only 1 hour, and can walk for only 1 hour (total in an 8 hour workday). Id. at 484. The ALJ found Dr. Gibson's disabling opinion, which would preclude even sedentary work, to be "not persuasive because it is largely based upon the claimant's subjective reporting of pain and loss of strength, which is never noted on examination per the treatment records." *Id.* at 29.

Because Plaintiff filed her DIB claim in June 2020 [Doc. 7 at 23], the new rules for weighing medical opinions apply. *See* 20 C.F.R. § 404.1520c ("For claims filed ... on or after March 27, 2017, the rules in this section apply."). Under the new rules, special evidentiary weight is no longer given to the opinion of a treating medical source. 20 C.F.R. § 404.1520c(a). In determining the persuasiveness of a medical opinion, an ALJ must consider "supportability, consistency, relationship [with the claimant], specialization, and other factors." 20 C.F.R. § 404.1520c(c)(1)-(5). But the ALJ need only explain how he/she considered the supportability and consistency factors, which are the two most important factors in determining the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b)(2). The ALJ's discounting of Dr. Gibson's disabling opinions comported with the new rules.

Even under the old rules, which are generally regarded as more Plaintiff favorable, the Medical Source Statement of Ability to Do Work-Related Activities (Physical) completed by Dr. Gibson was merely a "check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings." *Ellars v. Comm'r*, 647 F. App'x 563, 566 (6th Cir. 2016). ALJs can "properly give little weight" to opinions on such forms. *Id.*

## RECOMMENDATION

Because Plaintiff's four arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

January 29, 2024

Lanny King, Magistrate Judge
United States District Court

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

January 29, 2024

**Lanny King, Magistrate Judge**
**United States District Court**